UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| MOUNTAIN LAUREL ASSURANCE COMPANY, | ) ) ) | | |
| Plaintiff, | ) ) | | |
| v. | ) ) | No.: | 3:06-CV-224 (VARLAN/GUYTON) |
| THE ESTATE OF DONALD J. SLUSHER, by and through his Administratrix, Carlene Slusher, | ) ) ) ) | | |
| Defendant. | ) | | |

## **MEMORANDUM OPINION**

This declaratory action is before the Court on defendant's Motion to Dismiss [Doc. 5]. The Court has carefully reviewed the pending motion, along with the supporting and opposing briefs [Docs. 6, 8, 10], and the motion is ripe for determination.

**I.     Factual Background**

On August 19, 2005, Donald Slusher was killed when a coal truck driven by Arlie Napier ran into a building occupied by Slusher. The truck had been parked near the building and the breaks either failed or were not properly activated, resulting in the truck rolling into the building and instantly killing Mr. Slusher. The accident occurred in Bell County, Kentucky. The truck was insured by plaintiff Mountain Laurel Assurance Company ("Mountain Laurel"), who filed this declaratory judgment action (the "Declaratory Action") on June 14, 2006, seeking a declaratory judgment that it has no obligations to the Estate of

Mr. Slusher (the "Estate") under the insurance policy (the "Policy") issued by Mountain Laurel.

On the same day, the Estate filed a coercive action in the Bell Circuit Court, Bell County, Kentucky (the "Coercive Action") against Mountain Laurel requesting damages under the Policy. On June 27, 2006, Mountain Laurel removed the Coercive Action to the United States District Court for the Eastern District of Kentucky. On August 18, 2006, the Estate filed the instant motion in the Declaratory Action. On September 5, 2006, Mountain Laurel filed a motion to change venue in the Coercive Action, requesting that the Coercive Action be transferred to this Court. On October 25, 2006, the Honorable Karen K. Caldwell granted Mountain Laurel's motion to change venue, transferring the Coercive Action to this Court. Both actions are now before this Court and no further motions have been filed in either case.

## II.  Analysis

The Estate has filed a motion to dismiss, arguing that the Court should decline jurisdiction over the Declaratory Action and that this action should be dismissed. [Docs. 5, 6, 10]. Mountain Laurel opposes the Estate's motion, arguing that the Declaratory Action is properly before the Court, that the Court is the most appropriate and convenient court for this action, and that the Court is best suited to resolve this matter, since it involves Tennessee law. [Doc. 8].

## A. Declaratory Judgment Action

"Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). However, the "[e]xercise of jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201(a) is not mandatory," and a district court "is under no duty to exercise that [jurisdiction]." *Bituminous Casualty Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 812 (6th Cir. 2004) (quotation omitted).

The Sixth Circuit has established a five part test to aid a district court in determining whether to exercise jurisdiction over a declaratory action:

> (1) whether the judgment would settle the controversy;
> (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";
> (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and
> (5) whether there is an alternative remedy that is better or more effective.

*AmSouth Bank v. Dale*, 386 F.3d 763, 785 (6th Cir. 2004). Additionally, while the "first-to-file" rule demands that the first action to be filed should generally be the first to proceed to judgment when there are multiple actions involving nearly identical issues and parties, that rule "gives way in the context of a coercive action filed subsequent to a declaratory action." *Id.* at 791 n.8.

3

**1. Whether The Judgment Would Settle The Controversy?**

Although the litigation in both actions is still at a very early stage, it appears that the key question in both cases is what state's law controls the Policy, so a declaratory judgment would most likely settle this controversy. Therefore, this factor weighs in favor of exercising jurisdiction.

**2. Whether The Declaratory Judgment Action Would Serve A Useful Purpose In Clarifying The Legal Relations At Issue?**

As in *AmSouth*, "[t]he only 'useful purpose' [this] declaratory-judgment [action] could serve is an ultimate determination of liability on an already-accrued damages claim. Its usefulness is therefore severely undercut by the presence of the [Coercive Action]." *Id.* at 786. In addition, both the Declaratory Action and the Coercive Action are now before this Court, so there will be no difference in forums for either action. Therefore this factor weighs heavily against exercising jurisdiction.

**3. Whether The Declaratory Remedy Is Being Used Merely For The Purpose Of Procedural Fencing Or To Provide An Arena For A Race For Res Judicata?**

Other courts have held that the Declaratory Judgment Act "is not a tactical device whereby a party who would be a defendant in a coercive action may choose to be a plaintiff by winning the proverbial race to the courthouse." *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 712 (7th Cir. 2002). Additionally, the Sixth Circuit disfavors declaratory actions because they "could frustrate a plaintiff's choice of forum and encourage forum shopping, races to the courthouse, needless litigation occasioning waste of judicial resources, delay in the

resolution of controversies, and misuse of the judicial process to harass an opponent in litigation." *NGS Am., Inc. V. Jefferson*, 218 F.3d 519, 523 (6th Cir. 2000). As in *NGS*, the Court does not pretend to divine the motives of Mountain Laurel in bringing the Declaratory Action, but the Court does find that this factor weighs heavily against exercising jurisdiction.

**4. Whether Allowing the Action Would Cause Friction Between State and Federal Courts?**

Because both cases are before this Court, this factor is a non-issue.

**5. Whether There Is An Alternative Remedy That Is Better Or More Effective?**

An alternative remedy does exist in this case, that of the Coercive Action already before this Court. Therefore, the Court finds this factor to weigh against exercising jurisdiction.

**B. Summary Of Factors**

After weighing the factors established by the Sixth Circuit, the Court finds that it would not be appropriate to exercise jurisdiction under the Declaratory Judgment Act in this case. Three factors, that the declaratory action would serve no useful purpose, that the parties appear to have engaged in procedural fencing, and the existence of an alternative remedy, weigh strongly against the Court exercising jurisdiction. Only one factor, whether the judgment would settle the controversy, weighs slightly in favor of a grant of jurisdiction.

The Court notes that the facts of this case are somewhat novel, in that both the Declaratory Action and the Coercive Action are before this Court. The Court is aware of only one other case where such an instance has occurred, *Furniture Comfort Corp., v.*

*Baldine*, No. 2:95CV00236, 1995 U.S. Dist. LEXIS 12294 (M.D.N.C. July 18, 1995). The *Baldine* court chose not to exercise jurisdiction under the Declaratory Judgment Act, instead resolving the legal issues through the coercive claim. While the decision of the District Court for the Middle District of North Carolina is not binding, the Court does find it strongly persuasive, especially in light of the balancing test performed above.

**III. Conclusion**

For the reasons stated herein, the Estate's Motion to Dismiss [Doc. 5] will be **GRANTED** insofar as the Court declines to exercise jurisdiction under the Declaratory Judgment Act. Therefore, the Declaratory Action will be **DISMISSED WITH PREJUDICE**.

Order accordingly.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE